UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH K.,<br><br>                          Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                         Defendant. | Case No.: 20-CV-2065-GPC-AHG<br><br>**ORDER GRANTING MOTION FOR ATTORNEY'S FEES**<br><br>[ECF No. 27] |

Before the Court is Plaintiff Counsel's motion for approval of attorney's fees pursuant to 42 U.S.C. § 406(b). ECF No. 27. Plaintiff Deborah K. personally filed a response in opposition, ECF No. 30, and Counsel has filed a reply, ECF No. 31. On April 18, 2023 the matter was taken under submission. ECF No. 37.

For the reasons set forth below, the Court **GRANTS** the motion.

I.    BACKGROUND

In March 2018, Plaintiff Deborah K. filed an application for Social Security Disability benefits under Title II of the Social Security Act, alleging a disability date of

May 10, 2017. ECF No. 18 at 2.[1] Her application was initially denied. *Id.* Deborah K. obtained a legal representative, ECF No. 9-5 at 7, then filed an application for Supplemental Security Income benefits, ECF No. 18 at 2. Both claims were denied at reconsideration. *Id.* Subsequently, Deborah K. filed a request for a hearing by an administrative law judge ("ALJ") and a hearing was held in October 2019. *Id.* In November 2019, the ALJ issued an unfavorable decision, finding that Deborah K. was not disabled under the Act. *Id.* Deborah K. requested review of the ALJ's decision with the Appeals Council; her request was denied. *Id.*

In October 2020, Deborah K. entered into a new retainer agreement with the Law Offices of Charles E. Binder and Harry J. Binder, LLP ("Counsel"). ECF No. 27-4; *see* ECF No. 9-2 (appointment of representative form). The agreement addressed contingency fees and provided that Counsel would receive up to 25% of Deborah K.'s past-due benefits if awarded on remand by the Appeals Council or an ALJ. *See* ECF No. 27-4 at 2. The envelope with the retainer agreement enclosed also contained an instructional letter that explained the contingency fee arrangement. ECF No. 31-1 at 1.

Deborah K. then commenced an action seeking judicial review of the Commissioner of Social Security's ("Commissioner") denial of her application for social security disability benefits. ECF No. 1. In November, the parties filed a Joint Motion for Judicial Review. ECF No. 15. In February 2022, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that the Court affirm the Commissioner's decision. ECF No. 16. Deborah K. filed an objection to the R&R. ECF No. 17. In March 2022, the Court adopted in part and declined to adopt in part the R&R, remanding the case for further administrative proceedings. ECF No. 18.

---

[1] Page numbers are based on CM/ECF pagination.

On remand, the ALJ found Deborah K. disabled within the meaning of the Social Security Act beginning sometime in 2017.[2] *See* ECF No. 27-4 at 7. The Social Security Administration issued a Notice of Award, informing Deborah K. that she was entitled to monthly benefits from November 2017 onward, and that 25% of those past-due benefits— $19,600.53—would be withheld in the event Counsel requested attorney's fees. *See* ECF No. 27-4 at 9. In May 2022, pursuant to a joint motion, the Court awarded Deborah K. $7,305.09 in attorney's fees under the Equal Access to Justice Act ("EAJA"). ECF No. 20; *see* ECF No. 19 (joint motion).

On January 9, 2023, Deborah K.'s Counsel filed the present Motion for Approval of Attorney's Fees pursuant to the Social Security Act, 42 U.S.C. § 406(b). ECF No. 27. Counsel requests $19,600.53 in attorney's fees, in accordance with the 25% contingency fee agreement. *Id.* Counsel concedes that the amount already awarded in attorney's fees under the EAJA, $ 7,305.09, would be reimbursed to Deborah K. ECF No. 27 at 2. The Commissioner has taken no position to Counsel's request. On January 23, 2023, Deborah K. filed an opposition to the motion. ECF No. 30. On February 21, 2023, Counsel filed a reply to the opposition. ECF No. 31.

## II.  LEGAL STANDARD

Section 406(b) under Title 42 of the United States Code allows the court, upon "entering judgment in favor of [a social security] claimant who was represented by an attorney," to "determine and allow as part of its judgment a reasonable fee for such representation" up to "25 percent of the total of the past-due benefits to which the claimant

---

[2] Counsel states that the ALJ found Deborah K.'s disability began on May 10, 2017. ECF No. 27-1. However, the provided Notice of Award from the Social Security Administration indicates that the entitlement began in November 2017. ECF No. 27-4 at 7. The distinction is immaterial to the current fee calculation because the Social Security Administration calculated that 25% of past due benefits amounted to $19,600.53. *Id.* at 9.

is entitled by reason of such judgment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (quoting 42 U.S.C. § 406(b)(1)(A)). "Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

District courts are generally "deferential to the terms of contingency fee contracts in § 406(b) cases, accepting that the *de facto* hourly rates may exceed those for non contingency-fee arrangements." *Hern v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003). However, courts must review contingency fee "arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. "[A] district court charged with determining a reasonable fee award under § 406(b)(1)(A) must . . . 'look[] first to the contingent-fee agreement, then test[] it for reasonableness.' " *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 808). While there is not a definitive list of factors, courts should consider "the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. "The court may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151. Finally, any § 406 fee award must be offset by any award of attorney's fees granted under the EAJA. *Gisbrecht*, 535 U.S. at 796; *see* 28 U.S.C. § 2412 (EAJA).

### III. DISCUSSION

#### A. Terms Of The Contingency Fee Agreement

The Court first looks to the contingency fee agreement. Deborah K. and Counsel entered a Retainer Agreement and Assignment ("Agreement") on October 7, 2020. ECF No. 27-4 at 2–3. Pursuant to the Agreement, Deborah K. agreed to pay Counsel a contingency fee of up to 25% of any past-due benefits under 42 U.S.C. § 406(b). *Id.* at 2. Counsel seeks a total award of $19,600.53 in attorney fees, amounting to 25% of the past-due benefits. ECF No. 27-1 at 1; *see* ECF No. 27-4 at 9. Counsel argues that the agreed

25% award is presumptively valid because it is within the statutory ceiling. ECF No. 27-1 at 5. In her opposition, Deborah K. challenges the Agreement, asserting that she was told that "the 25% part only applies in an instance where a client's award may be less than the customary/capped amount of $6000/7200." ECF No. 30 at 2.  In its reply, Counsel alleges that Deborah K.'s assertion is neither reflected in the Agreement nor the instructional letter sent along with the retainer agreement.[3] ECF No. 31 at 2.

    A contract is enforceable when it involves parties capable of contracting; they consent; it concerns a lawful object; and there is "sufficient cause or consideration." *Oberstein v. Live Nation Ent. Inc.*, 60 F.4th 505, 510 (9th Cir. 2023) (quoting Cal. Civ. Code § 1550). A contract "is ambiguous 'when it is capable of two or more constructions, both of which are reasonable.' " *Lamps Plus, Inc. v. Varela*, 139 S.Ct. 1407, 1414–15 (2019) (quoting *Varela v. Lamps Plus, Inc.*, 701 Fed. Appx. 670, 672 (9th Cir. 2017), *vacated on other grounds*). "Under California law, the determination of whether a written contract is ambiguous is a question of law that must be decided by the court." *Brobeck, Phleger & Harrison v. Telex Corp.*, 602 F.2d 866, 871 (9th Cir. 1979). Even when the written contract is "clear and unambiguous on its face," the court must consider "relevant extrinsic evidence that can prove a meaning to which the language of the contract is 'reasonably susceptible.' " *Id.* (quoting *Pac. Gas & Elec. Co. v. G. W. Thomas Drayage Co.*, 69 Cal.2d 33, 37 (1968)). After considering such preliminary evidence, if the court finds "that the language of the contract is not reasonably susceptible of interpretation and is unambiguous, extrinsic evidence cannot be received for the purpose of varying the terms of the contract." *Id.*

---

[3] Counsel also suggests that Deborah K. may have confused the terms of the retainer for this proceeding with one "that she signed in connection with a new application for benefits."  ECF No. 31 at 2–3. However, the two documents provided are indistinguishable and do not plainly explain why Deborah K. may be confused.  *Compare* ECF No. 27-4 at 2–3, *with* ECF No. 31-2 at 1–2 (identical).

After reviewing the Agreement, the Court finds that the Agreement is clear and unambiguous on its face. The Agreement plainly explains that Counsel's fees would be capped at "25% of any back due benefits" Deborah K. might receive. ECF No. 27-4 at 2 (emphasizing this language with bold letters). The terms are written in sufficiently plain language, devoid of legal jargon, such that a non-attorney would reasonably be able to understand their meaning.

However, the Court's analysis does not stop there. "California law allows a party to challenge a contract even if it is unambiguous on its face[.]" *Brobeck*, 602 F.2d at 873. To challenge an unambiguous contingency fee agreement, the challenging party must present sufficiently reasonable evidence to support their interpretation of the agreement. *See id.* Deborah K. alleges that representatives "working on behalf of Binder and Binder Law Firm [explained] that the 25% part only applies" if her award was "less than customary/capped amount of $6000/7200." ECF No. 30 at 2. She does not specify who gave her this explanation and does not provide further extrinsic evidence. Deborah K. signed the Agreement, and thus she is presumed to have understood and agreed to the provisions. *See Wallace v. Chafee*, 451 F.2d 1374, 1377 (9th Cir. 1971) ("One who enters a contract is on notice of the provisions of the contract. If he assents voluntarily to those provisions after notice, he should be presumed, in the absence of ambiguity, to have understood and agreed to comply with the provisions as written."). Additionally, the informational letter that was apparently included with the Agreement clearly states that "[t]he total fee that [Deborah K.] can pay is 25% of the back due benefits." ECF No. 31-1 at 1–2. The evidence before the Court is insufficient to support Deborah K.'s interpretation of the Agreement.

### B. Reasonableness Of The Fee Request

Next, the Court looks to the reasonableness of the fee request. *See Crawford*, 586 F.3d 1148. Counsel argues that the amount sought in the instant motion is reasonable, given it amounts to "approximately $552.13 per hour for the 35.50 hours spent on Ms. Deborah

K.'s case at the District Court level." ECF No. 27-1 at 8–9. Furthermore, Counsel reasons that there was no excessive delay attributable to the law firm; the time expended was reasonable; Counsel's expertise "may have provided the impetus necessary" to obtain a favorable decision; and Counsel bore the risk of total non-payment if the appeal proved unsuccessful. *Id*. at 9–11.

Deborah K. challenges the reasonableness of the fee request for three reasons. First, Deborah K. argues that "the size of the award is not based on anything but time that is incurred by the claimant waiting[,]" and the waiting belonged to herself. ECF No. 30 at 2. Second, Deborah K. argues that there is no substantial risk for Counsel to take the case because she was told verbally by someone from Counsel's law offices that "a favorable outcome would be the end result" and that she would have never been denied in the past if Counsel had represented the case from the start. *Id*. at 3. Third, Deborah K. argues that the EAJA award would be sufficient because she believes an attorney should be awarded the greater award (i.e., the contingency fee in this case) only "if [counsel] has performed an 'unusually large amount of work' on the case." *Id*. at 4. But she believes Counsel did not perform a considerable amount of work. *Id*.

In its reply, Counsel argues that Deborah K. "does not point to any specific facts in her case that made it so obvious it could have been effectively handled without [Counsel's] expertise." ECF No. 31 at 4. Counsel further notes that it is "not aware of anyone providing [Deborah K.] with a guarantee that she would win her case or that it was a 'slam dunk.' " *Id*. at 5. Counsel points to the procedural history to support its argument that the case was not straightforward, and that it required Counsel's expertise to succeed. *Id*. at 6.

Upon careful review of the documents submitted and the applicable law, the Court finds that Counsel's fee request is reasonable. Neither the character of the representation nor the results achieved warrant a reduction of the agreed award. *See Gisbrecht*, 535 U.S. at 808. Nothing in the record suggests that Counsel delayed the case or provided a

substandard performance. Rather, Counsel achieved successful results for Deborah K. within two years of being retained and secured a significant award of past-due benefits. *See* ECF No. 27-4 at 7–9. Therefore, the character and results of the representation support the reasonableness of the fee.

Moreover, Counsel's effective hourly rate— approximately $552.13 per hour for the 35.50 hours spent on the case — falls within the range of what other courts in this Circuit have found to be reasonable in similar social security cases. *See, e.g.*, *Crawford*, 586 F.3d at 1153 (approving de facto hourly rates of $519, $875, and $902 in 2009); *Reddick v. Berryhill*, 16-CV-29-BTM-BLM, 2019 WL 1112080, at *2–3 (S.D. Cal. Mar. 11, 2019) (collecting cases and approving de facto hourly rate of $1,080.26 for 21.6 hours of work). Counsel has also submitted a billing statement[4] detailing the work performed on Deborah K.'s case and the Court finds the number of hours expended by Counsel was reasonable. ECF No. 27-4 at 5.

Moreover, Counsel is correct that it assumed a substantial risk of not recovering any fees when it agreed to represent Deborah K. on a contingency basis. *See Hearn v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003) ("[Counsel] assumed the risk of receiving nothing for his time and effort if plaintiff was unsuccessful."). At the time when Deborah K. and Counsel signed the contingency fee agreement, Deborah K. had an unfavorable ruling from the ALJ, and her request for review of the ALJ's decision with the Appeals Council had been denied. ECF No. 18 at 2. In addition, the Magistrate Judge assigned to prepare an R&R on the joint motion for review recommended that the Court should affirm the Commissioner's denial of disability benefits. ECF No. 16. Counsel

---

[4] On the billing statement, the total number of hours for each of the two attorneys—Charles E. Binder and Young Bin Yim—appear to have been allocated to the wrong attorney. ECF No. 27-4. This does not alter Counsel's total number of hours, *see* ECF No. 30 at 4 (Deborah K. acknowledges this), and the Court does not further address the clerical error.

successfully obtained an order for remand for further administrative proceedings after filing objections to the R&R. *See* ECF Nos. 17, 18. On remand, the Commissioner granted Deborah K.'s application for benefits, entitling her to receive monthly benefits from November 2017 onward. *See* ECF No. 27-4 at 7–9. The procedural history suggests that this case was complex, not guaranteed to have a favorable result for Deborah K., and the risk of loss was substantial. The Court agrees with Counsel that Counsel's experience and expertise in Social Security law helped facilitate a favorable outcome for Deborah K. and with fewer hours billed.

Thus, none of the factors outlined in *Gisbrecht* favor reducing the fee award. The Court concludes that Counsel's request for attorney fees is reasonable and does not constitute an unfair "windfall" to Counsel. *See Gisbrecht*, 535 U.S. at 808. Accordingly, considering the quality of Counsel's representation, the results achieved, and the importance of encouraging attorneys to accept social security cases on a contingency basis, the Court concludes that the fees sought pursuant to § 406(b) are reasonable.

## IV. CONCLUSION

For the reasons set forth above, the Court GRANTS Plaintiff's counsel's motion for approval of attorney fees pursuant to 42 U.S.C. § 406(b). The Court AWARDS Counsel attorney's fees in the amount of $19,600.53. The Court HEREBY ORDERS that Counsel reimburse Plaintiff Deborah Ann Deborah K. the amount of $7,305.09 for EAJA fees previously awarded by this Court.

**IT IS SO ORDERED.**

Dated: May 5, 2023

Hon. Gonzalo P. Curiel
United States District Judge